### LEWIS WILLIAMS v. THE STATE.
*No. 3373.  Decided November 1.*

**1. Receiving Stolen Property—Charge of the Court.**—An omission in the charge of the court, if not excepted to nor sought to be supplied by a requested instruction, is not cause for reversal of conviction unless, under all the circumstances of the case, it was calculated to injure the rights of the defendant. The court submitted in its charge to the jury the rule of law which applies to a defendant's explanation of his possession of stolen property, but omitted to submit the defensive theory of an actual purchase of the property, which ommission was not excepted to on trial, nor was it sought to be supplied by special instruction. The omission under the circumstances was immaterial. The defendant's explanation of his possession—that he purchased the property—being the same as the defense he relied upon, the jury could not have believed the one and discredited the other.

**2. Same—Circumstantial Evidence.**—It is only when the State relies wholly upon circumstantial evidence that the trial court is required to instruct the jury upon the law applicable to that character of evidence.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. C. L. Cleveland.

The opinion discloses the case. The penalty assessed was a term of two years in the penitentiary.

*H. F. Fisher,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

HURT, JUDGE.—This is a conviction for receiving stolen property.

When found in possession of the stolen property, consisting of some cigars and playing cards, the defendant, in answer to a question of Reichardt, one of the owners, said that he "got them from a white peddler."

Emma Wilcox, a witness for the defendant, testified, in substance, that she was present and saw Lewis Williams buy from a white peddler the four boxes of cigars and the two dozen packs of playing cards that were afterwards taken by the officers. She testified that she saw the defendant pay the white man for the things he had bought.

Dan Minor, a witness for the defendant, testified that he saw the defendant purchase and pay for the cigars and playing cards; that he bought

them from a white peddler, who had quite a lot of the same kind done up in a very large package.

The defendant Williams, testifying in his own behalf, said that he bought the cigars and cards from a white peddler at his, Williams's, place of business.

The court charged that if the defendant when first called upon to explain his possession "then gave an explanation, and such explanation was reasonable, natural, and probably true, then you can not convict unless the State has shown such explanation to be false beyond a reasonable doubt." No further charge was given upon the matter of a purchase of the articles as testified to by the defendant and the two witnesses named above.

The explanation made by the defendant was not without suspicion. When asked where he got the cigars, and if he did not get them from a negro, defendant answered: "No, sir; I got them from a white peddler. Charley Mason was with me when I bought them from him. You ask Charley Mason, he will tell you." At that time Charley Mason came in the door of the saloon in the presence of the witness and defendant. The witness asked Mason, "Did you not see Williams get these cigars from a negro?" Mason answered, "Yes, sir." Whereupon Williams winked at Mason and said, "Did not you see me buy these cigars from a white man?" Mason answered, "Yes, I saw you buy them from a white man."

The court charged, as quoted above, the law applicable to a case of explanation of possession of property recently stolen, but omitted to instruct upon the theory of the defense of an actual purchase of the cigars and cards by defendant from a peddler. There was no exception reserved to the omission in the charge, nor was an instruction requested upon this point, and the question presented is, was there probable injury to appellant by the omission? We think not, for the reason that it is not at all probable that the jury would believe the evidence in support of the purchase and yet disbelieve the explanation. All of the evidence tending to support the purchase tends with equal cogency to establish the truth of the explanation.

We are treating of this question under its own peculiar facts as presented in this record, and we do not desire to be understood as holding that the question may not be so presented as to require both a charge upon explanation and also upon the other theory of defense.

When viewed as a whole there is no error in the charge calculated to injure the rights of the defendant. This is not a case dependent upon circumstantial evidence alone, there being positive evidence that appellant received the goods.

There is no error in the judgment and it is affirmed.

*Affirmed.*

Judges all present and concurring.